FILED
U.S. DISTRICT COURT

2013 AUG -7  A 10: 27

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYNN D. BECKER<br><br>Plaintiff,<br><br><br>vs.<br><br><br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, a federally chartered corporation; UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, a federally recognized Indian tribe; THE UINTAH AND OURAY TRIBAL BUSINESS COMMITTEE, and UTE ENERGY HOLDINGS, LLC, a Delaware LLC,<br><br>Defendants, | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:13-CV-00123 |

This matter is before the court on defendants' motion to disqualify counsel (Dkt. No. 17.) A hearing on this motion was held on July 15, 2013. Before the hearing, the court considered the memoranda submitted by the parties. Since taking the motion under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

1

## BACKGROUND

From approximately April 2004 to November 2004, the David K. Isom Law Offices ('the Firm") represented the Ute Tribe and several of its members in two cases and in some non-litigation matters ("2004 actions"). (Dkt. No. 17-1 at 3-4)  J. Preston Stieff, who was an employee of David K. Isom Law Offices at the time, was the primary attorney in the 2004 Actions. ( Dkt. No. 19-2 at 3.) As such, he received confidential information about the Ute Tribe. (Dkt. No. 17-1 at 4.) Isom himself had little involvement in the actions and claims to have received no confidential or privileged information from or about the defendants (Dkt. No. 19-2 at 3.) The contract at issue in the current suit (the "Becker contract") became effective March 1, 2004, about a month before the Firm began its representation of the Ute Tribe.  (Dkt. No. 3 at 3.) However, the compensation plaintiff seeks pursuant to that contract stems, at least partially, from services he performed in regard to the same oil and gas fields that were involved in one of the 2004 actions.

## DISCUSSION

Plaintiff has filed a suit against defendants because he believes they owe him compensation and two percent of the net revenue distributed to Ute Energy Holding, LLC from Ute Energy, LLC as consideration for services he provided to the Tribe as its Land Division Manager of the Energy and Minerals Department. (Dkt. No. 3 at 5-6.)  Plaintiff hired Mr. Isom to represent him in this suit.  Defendants have responded to Isom's hiring by filing a motion to disqualify him as counsel for plaintiff pursuant to URPC 1.9.  The burden of proof in a motion to disqualify counsel is carried by the party seeking disqualification. *United States v. Stiger*, 413

F.3d 1185, 1196 (10th Cir. 2005); *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994) ("The burden of disqualification is on [the party seeking disqualification]").

URPC 1.9 provides the standard for disqualifying an attorney from a case:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Defendants contend that all of these elements have been met. They assert that Isom represented the Ute Tribe in several matters in 2004, that those matters are the same or substantially related to the current matter, that Becker's interests are materially adverse to the Ute Tribe's interests, and that the Tribe did not consent to Isom's representation of plaintiff in this matter. (Dkt. No. 17 at 4-10.)

Defendants specifically point to Isom's work in *Wopsock v. Natchees*, No. 2:04-CV-00675-TS, slip op. (D. Utah June 21, 2005), *aff'd* 279 Fed. App. 679 (10th Cir. 2008); *Shaw Resources Limited, LLC v. Pruitt, Gushee & Bachtell, P.C.*, Case No. 040902251 (3d Jud. Dist., Salt Lake County, UT); and in some non-litigation matters to show that he represented the Ute Tribe in matters that are substantially related to the current matter. (Dkt. No. 17 at 4-7.)

Defendants argue that the matters involved in the 2004 actions are substantially related to the current matter in three ways. First, defendants will use many of the same defenses in the present litigation as they used in the 2004 actions. Specifically, the Ute Tribe will argue that it did not waive its sovereign immunity and that Becker did not exhaust the Tribe's unique administrative remedies, just as it argued in the *Wopsock* case. (Dkt. No. 17 at 6.) Second, the *Shaw* case involved some of the same oil and gas fields that plaintiff worked on as part of the

3

Becker contract. (*Id.* at 5-6.) Third, the Firm's non-litigation work included negotiating a contract for the Ute Tribe and the current case entirely turns on the contract the Tribe entered into with Becker just a few months before the Firm began its representation of the Tribe. (*Id.* at 6.)

Plaintiff denies defendants' assertion that the current matter is substantially related to Isom's previous representation of the Ute Tribe. (Dkt. No. 19 at 2.) Instead, Plaintiff argues that defendants misapprehend the "substantially related" prong of URPC 1.9 and have not demonstrated that there are any factual similarities between the 2004 actions and the current matter. *Id.* at 4–5.

The court finds that defendants have failed to prove that the 2004 actions are substantially related to the current matter. First, Isom's representation of the Ute Tribe in *Wopsock* was not factually related to the current matter. Regarding URPC 1.9, the 10th Circuit has ruled that courts should evaluate "substantiality by focusing on the factual nexus between the prior and current representation rather than a narrower identity of legal issues." *SLC Limited V v. Bradford Group West, Inc.*, 997 F.2d 464, 467 (10th Cir. 1993). Consequently, defendants' argument that the 2004 actions are substantially similar to the current matter because the Ute Tribe used legal defenses in *Wopsock* that it plans to use in the current matter fails. The *Wopsock* case was brought by former members of the Ute Tribe Business Committee to dispute the committee's membership and to allege violations of the Tribe's constitution. *Wopsock v. Natchees*, 279 F. App'x 679, 681 (10th Cir. 2008). The case did not involve a request for compensation for services provided to the Tribe pursuant to a contract, which is the fundamental fact in the current case. The only similarity between *Wopsock* case and the current case is that the Ute Tribe plans to

use the general defenses that it did not waive its sovereign immunity and that Becker did not

exhaust the Tribe's administrative remedies, which it would likely use in many suits brought

against it despite how factually dissimilar each case may be.

Similarly, defendants have not persuaded the court that the matters involved in the *Shaw*

case are substantially similar to the current litigation. It is likely that some of the services Becker

provided to the Ute Tribe pursuant to the Becker contract involved the same gas and oil fields

that were at stake in the *Shaw* case, but that factual connection between the two cases is not

substantial enough to disqualify Isom from the present case. For purposes of URCP 1.9, the term

substantial is defined as denoting "a material matter of clear and weighty importance." URCP

1.0(m). The gas and oil field connection presented by defendants does not bear any clear or

weighty importance to the present case. Although Becker's duties as Land Division Manager of

the Energy and Minerals Department likely included planning for the specific oil and gas fields at

issue in *Shaw*, his duties were much more expansive. His duties encompassed the management of

all of the Land Division's responsibilities, which included the following:

> [T]he administration and maintenance of leases, contracts, surface use, unitization and all
> other types of agreements covering Tribal energy, surface and minerals resources. . . . The
> Land Division shall also be responsible for the issuance, administration and maintenance
> of Business Licenses, assess permits and the supervision of all energy and/or mineral
> related filed operation.

(Dkt, No. 20 at 3).

Despite indicating that Becker's duties were vast, defendants have not provided any facts

that indicate how big of a role the *Shaw* oil and gas fields played within those vast duties.

Consequently, defendants have failed to prove that this factual connection is substantial.

Finally, defendants have also failed to prove that the 2004 non-litigation matters are substantially similar to the current matter. Comment 2 to URPC 1.9 states that "a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of the type even though the subsequent representation involves a position adverse to the prior client." Defendants must therefore demonstrate something more than the fact that Isom represented the Tribe regarding a separate contract. They must also demonstrate that the facts relating to that contract are substantially similar to those relating to the Becker contract. Defendants have not, however, provided any facts to indicate that the contract negotiated by the Firm was in any way related to the Becker contract, except that it "pertain[ed] to the Tribe's oil and gas resources." (Dkt. No. 17 at 5.) Such a vague description does not establish any substantial similarity between the two contracts. Moreover, defendants do not provide any evidence to refute plaintiff's claims that Isom himself did not participate in the non-litigation matters and that he did not receive any confidential information regarding those matters. Therefore, defendants' disqualification motion fails with respect to the non-litigation matters.

## CONCLUSION

For the reasons stated above, defendants' motion to disqualify counsel is DENIED.

IT IS SO ORDERED

DATED this 6th day of August, 2013.

Dee Benson
United States District Judge