FILED
U.S. DISTRICT COURT

2013 NOV -5 ⊃ 2: 43

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| Lynn D. Becker<br><br>Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| Ute Indian Tribe of the Uintah and Ouray Reservation, a federally chartered corporation; Ute Indian Tribe of the Uintah and Ouray Reservation, a federally recognized Indian tribe; the Uintah and Ouray Tribal Business Committee, and Ute Energy Holdings, LLC, a Delaware LLC | Case No. 2:13-cv-00123 |
| Defendants. | Judge Dee Benson |

This matter is before the court on defendants' motion to dismiss under Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 7.) Defendants move to dismiss Plaintiff Lynn

D. Becker's amended complaint, which states three causes of action: (1) breach of contract; (2)

breach of the covenant of good faith and fair dealing; and (3) accounting. (Dkt. No. 3.) Becker's

claims arise from a dispute over an agreement (the "Agreement") he entered into with one or

more of the defendants. On October 30, 2013, the court heard oral argument on the motion.

Plaintiff was represented by David K. Isom, and defendants were represented by J. Preston Stieff

and Thomasina Real Bird. Having considered the parties' briefs, oral argument, and the relevant law, the court enters the following Memorandum Decision and Order.

## DISCUSSION

### I.   FEDERAL-QUESTION JURISDICTION

#### a.   The "Well-Pleaded Complaint" Rule

Federal courts are courts of limited jurisdiction. Where there is no diversity of citizenship between the parties, a complaint must meet the requirements for federal-question jurisdiction set out in 28 U.S.C. § 1331, which gives federal courts jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." The general rule is that a case meets the "arising under" standard if it is apparent from the face of the complaint that federal law creates the plaintiff's cause of action. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28 (1983). This requirement is part of the "well-pleaded complaint" rule, and its function is to require the plaintiff, at the outset, to clearly demonstrate grounds for the court's exercise of subject matter jurisdiction. See id. at 2.

Here, Becker's causes of action are not created by federal law, but are state-law causes of action and therefore do not qualify for federal-question jurisdiction under the general rule. Notwithstanding, Becker lists a number of potential federal issues that he claims warrant federal-question jurisdiction. For example, he notes that the Agreement did not require approval by the United States Secretary of the Interior under 25 U.S.C. § 81, and that the Agreement is a valid mineral agreement within the meaning of the Indian Mineral Development Act of 1982. (Am. Compl. ¶8.) However, these assertions are simply ways that federal laws are peripherally implicated, which does not meet the "arising under" standard. Additionally, Becker points to the

fact that the defendants have raised the defense of tribal sovereign immunity, which itself is a matter of federal law. See Kiowa Tribe of Oklahoma v. Mfg. Tech.'s, Inc., 523 U.S. 751, 756 (1998) (noting that "tribal immunity is a matter of federal law."). But the Supreme Court has repeatedly stated that there is no federal-question jurisdiction based solely on possible federal defenses. See e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Thus, despite Becker's reference to peripheral federal issues, it is not apparent from the face of the complaint that federal law creates Becker's causes of action and the requirement of the "well-pleaded complaint" rule is therefore not met.

    b.  **State-law Claims That Depend Upon the Resolution of a "Substantial Question of Federal Law"**

In a rare case, a plaintiff's claims might still qualify for federal-question jurisdiction even when the claims are state-law causes of action, as opposed to federal-law causes of action. However, the Tenth Circuit has emphasized that "this branch of arising-under jurisdiction is a slim one," Gilmore v. Weatherford, 694 F.3d 1160, 1172 (10th Cir. 2012), and the Supreme Court has called it a "special and small category" of cases. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006). The rule for this small category of cases is that state-law claims might qualify when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise, 463 U.S. at 10–11. This language has been interpreted to mean that at least part of the state-law claim must have, as an element, a federally created right or cause of action: "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Id. at

11. The court finds that this requirement is not satisfied here because Becker's claims are simply state-law claims that do not include, as an essential element, any right or immunity created by federal law.

During oral argument, Becker relied on a Tenth Circuit opinion, <u>Tenneco Oil Company v. Sac and Fox Tribe of Indians of Oklahoma</u>, to argue that his claims do in fact depend upon the resolution of a substantial question of federal law. 725 F.2d 572 (1984). However, in light of the Supreme Court's guidance respecting this "special and small category of cases," the court concludes that the <u>Tenneco</u> case is inapplicable because the claims there were appreciably different than the state-law claims made here. In <u>Tenneco</u>, the plaintiff had challenged the validity of several ordinances a tribe had enacted. In other words, the complaint directly challenged "the validity of [the] exercise of tribal power." <u>Id.</u> at 575. The Tenth Circuit reasoned that this required the Court to decide whether the exercise of tribal power "trespasse[d] upon 'overriding interests of the National Government.'" <u>Id.</u> (citations omitted). It then held that because "measuring the interests of the National Government poses a federal question," federal-question jurisdiction was therefore proper. <u>Id.</u> But "measuring the interests of the National Government" is not necessary to address Becker's state-law claims.

## CONCLUSION

Because plaintiff's complaint does not, on its face, plead causes of action created by federal law, and because the plaintiff's causes of action do not include, as an essential element, any right or immunity created by federal law, the court concludes that plaintiff's claims do not meet the "arising under" standard for federal-question jurisdiction and that the court is therefore without jurisdiction to hear plaintiff's claims. Accordingly, the court GRANTS defendants'

motion to dismiss for lack of subject-matter jurisdiction and DISMISSES plaintiff's amended complaint.

DATED this 5th day of November, 2013.

Dee Benson
United States District Judge